## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **SHOBA SIVAPRASAD WADHIA,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Civil Action No. 12-0231 (RMC)** |
| **UNITED STATES DEPARTMENT OF** | ) | |
| **HOMELAND SECURITY, et al.,** | ) | |
| | ) | |
| **Defendants** | ) | |
| _____ | ) | |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendants, the United States Department of Homeland Security and United States Immigration and Customs Enforcement ("Defendants" or "ICE"), by and through undersigned counsel, hereby respond to Plaintiff's complaint as follows:

## FIRST DEFENSE

Defendants respond to the separately numbered paragraphs contained in the complaint below. To the extent any allegation is not admitted, it is denied. Further, to the extent the complaint refers to, construes, or quotes from external documents, statutes, or other sources, although in response Defendants may refer to such materials for their accurate and complete contents, Defendants' references are not intended to be, and should not be construed as, an admission that the referenced materials: (a) are correctly cited, construed, quoted, or referred to by Plaintiff; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action.

## SECOND DEFENSE

Defendants deny each and every allegation of the Complaint not expressly admitted in

their Answer. Defendants respectfully request and reserve the right to amend, alter and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known through the course of the litigation.

## THE COMPLAINT

Defendants hereby answer the numbered paragraphs of Plaintiff's Complaint for Declaratory and Injunctive relief by denying the allegations contained therein except as expressly admitted herein.

Introduction

1.      This paragraph characterizes Plaintiff's complaint, setting forth their claim for relief, and states a legal conclusion to which no response is necessary.

2.      This paragraph characterizes Plaintiff's complaint and states a legal conclusion to which no response is necessary.

### Jurisdiction

1.      This paragraph states a legal conclusion to which no response is necessary.  To the extent a response is required, Defendants assert that the United States District Court for the District of Columbia is the appropriate jurisdiction for this matter.

### Venue

2.      This paragraph states a legal conclusion to which no response is necessary.

### Parties

3.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny.

4.      Defendants admit that the U.S. Department of Homeland Security ("DHS") is a

department of the Executive Branch of the United States Government, that ICE is a component

of DHS, and that both DHS and ICE are agencies within the meaning of 5 U.S.C. § 552(f)(1).

Defendants further admit that ICE is able to grant "deferred action" status to aliens as deemed

appropriate.  The final sentence of this paragraph purports to characterize Plaintiff's FOIA

request, to which the Court is respectfully referred for a complete and accurate statement of its

contents.

### Plaintiff's Freedom of Information Act Request

5.      Defendants admit that ICE received a FOIA request from Plaintiff, dated October

6, 2009 on or about November 19, 2009, and aver that the FOIA request is the best evidence of

its contents.

6.      Defendants admit that ICE sent Plaintiff an acknowledgment letter on or about

November 19, 2009, to which the Court is respectfully referred for a complete and accurate

statement of its contents.

7.      Defendants admit that Plaintiff's request was overly broad.  Defendants further

admit that ICE sent a letter to plaintiff on or about November 30, 2009, and aver that the letter is

the best evidence of its contents.

8.      Defendants are without knowledge or information sufficient to form a belief as to

the truth of the allegations in this paragraph and therefore deny.

9.      Defendants are without knowledge or information sufficient to form a belief as to

the truth of the allegation that plaintiff performed an online status check on February 3, 2010, but

admit that Plaintiff's request was administratively closed on December 30, 2009.

10.     Defendants admit that Plaintiff sent a second FOIA request to ICE, dated March

3

30, 2010, and aver that the second FOIA request itself is the best evidence of its contents.

11.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff sent a follow-up email to ICE on July 12, 2010. Defendants admit that Plaintiff contacted the ICE Office of State, Local and Tribal Coordination ("OSLTC") seeking information about the status of her request in November, 2010.

12.     Defendants admit that ICE responded to the second FOIA request on or about December 29, 2010, and Defendants further admit that a portion of ICE's response included a chart produced by the ICE Office of Enforcement and Removal Operations ("ERO").

13.     Defendants admit that Plaintiff contacted ICE in February, 2011, and that ICE agreed to re-send the response letter to Plaintiff.

14.     Defendants admit that ICE re-sent the response letter to Plaintiff via email on February 9, 2011, and aver that the response letter is the best evidence of its contents.

15.     Defendants admit that Plaintiff filed an administrative appeal of ICE's response to her FOIA request, dated March 29, 2011, and aver that the administrative appeal is the best evidence of its contents.

16.     Defendants admit that Plaintiff contacted ICE by telephone on or about May 18, 2011, May 24, 2011, and July 27, 2011.

17.     Defendants admit that ICE conducted an additional search of the ICE Office of the Principal Legal Advisor ("OPLA"), located no additional records, and notified Plaintiff of the results of this search and its denial of her appeal in a letter dated September 27, 2011. Defendants aver that the letter dated September 27, 2011 is the best evidence of its contents.

18.     Defendants repeat and re-allege their answers to paragraphs 1-17.

4

19.     This paragraph states a legal conclusion to which no response is necessary.

20.     This paragraph states a legal conclusion to which no response is necessary.

21.     This paragraph states a legal conclusion to which no response is necessary.

22.     This paragraph states a legal conclusion to which no response is necessary.

## PRAYER FOR RELIEF

The remaining paragraphs of the complaint concern Plaintiff's requested relief and thus require no response.  To the extent a response is required, Defendants deny that Plaintiff is entitled to any relief whatsoever.  Defendants hereby specifically deny each and every allegation contained in Plaintiff's complaint not expressly admitted in the above paragraphs.

As to objections,

RONALD C. MACHEN JR., D.C. Bar # 447889
United States Attorney

DANIEL F. VANHORN, D.C. Bar # 924092
Acting Chief, Civil Division

By:     */s/ Marian L. Borum*
MARIAN L. BORUM, D.C. Bar #435409
Assistant United States Attorney
United States Attorney's Office
Judiciary Center Building
555 Fourth Street, N.W., Civil Division
Washington, D.C. 20530
Telephone:  (202) 514-6531
Facsimile:  (202) 514-8780 (fax)
Electronic Mail:  Marian.L.Borum@usdoj.gov

Of Counsel:

Grace I. Cheng
Associate Legal Advisor
Government Information Law Division
Office of the Principal Legal Advisor
U.S. Immigration and Customs Enforcement
U.S. Department of Homeland Security

## <u>CERTIFICATE OF SERVICE</u>

I certify that, on this 12th day of June, 2012, the foregoing was sent First Class Mail to

Plaintiff as follows:

Shoba Sivaprasad Wadhia
1407 Ridge Master Drive
State College, PA 16803-3163